CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 20 2007

JOHN F. CORCORAN, CLERK
BY: 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TIMOTHY LEE CRIGGER, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:07-cv-00072 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SHERIFF JOHNSON, et. al., | ) | By: Hon. James C. Turk |
|     Defendant(s). | ) | Senior United States District Judge |

Plaintiff Timothy Lee Crigger, an inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Crigger alleges that while he was housed as a federal inmate at the Roanoke City Jail ("the jail"), he was denied pain relief for severe ear pain, caused by a problem with one of his teeth. He seeks monetary damages. The court conditionally filed his complaint, informed him that his allegations failed to state constitutional claims against any of the defendants he had named, and granted him an opportunity to amend the complaint to particularize his claims. Crigger has now provided the court with financial information and a verified statement concerning his attempts to utilize the jail grievance procedures. He has also submitted a motion to amend his complaint, offering more details about the circumstances on which his claims are based. The court will grant this motion to amend. Upon consideration of the complaint as amended, however, the court finds that the action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

To state a cause of action under §1983, a plaintiff must establish that he has been deprived

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A supervisory official cannot be held automatically liable for violations of plaintiff's rights through the actions of subordinate officials. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982). A supervisory official can be liable for damages under §1983: (1) if the conduct by subordinate employees which directly caused the deprivation was undertaken to effectuate an official policy or custom for which the official was responsible, Id., or (2) if the supervisory official was aware of a pervasive, unreasonable risk of harm to plaintiff from a specified source and failed to take corrective action himself, out of his own deliberate indifference or his tacit authorization of inaction by subordinates. Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984).

As defendants to this lawsuit, Crigger names only the jail and Sheriff Johnson. He cannot maintain his action against the Jail, since local jails are not "persons" subject to suit under 42 U.S.C. §1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). Even assuming that Sheriff Johnson, as an individual official, is subject to suit under § 1983, however, Crigger fails to allege any facts indicating that the sheriff had any personal involvement in Crigger's course of medical treatment. The sheriff cannot be automatically held liable for the alleged wrongdoing of other jail staff, who allegedly refused to provide Crigger with pain medication after several weeks. Therefore, all claims against the jail and the sheriff must be dismissed, pursuant to § 1915A(b)(1).

In the conditional filing order, the court specifically advised Crigger that in his motion to amend, he could name other individuals as defendants to this lawsuit, provided that he alleged facts concerning each defendant's conduct that violated Crigger's constitutional rights. In his amendment,

Crigger fails to name any other defendants. As the court has already determined that his allegations fail to state any actionable claim against the only defendants he has named, the entire complaint must be dismissed without prejudice, pursuant to § 1915A(b)(1). An appropriate order shall be issued this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 20th day of March, 2007.

/s/ James C. Turk
Senior United States District Judge